## THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY. OF NEW YORK, Plaintiff, *v.* THE TWENTY–THIRD STREET RAILWAY COMPANY, Defendant.

*Street railroads — license fee in New York city — it is based on the size of the car and not upon the number of horses employed to draw the car — Laws of 1860, chap. 514.*

An ordinance of the city of New York provided that every passenger railroad car should pay a license fee of fifty dollars, except "the small one-horse passenger cars," which should pay twenty-five dollars.

A street railway corporation in said city changed the motive power of the small cars from one horse to two horses.

*Held,* that the license fee was based on the size of the cars, and not upon the manner in which they were propelled, and that the cars in question were only subject to a fee of twenty-five dollars.

SUBMISSION of a controversy between the Mayor, Aldermen and Commonalty of the City of New York, as plaintiff, and the Twenty-third Street Railway Company, as defendant, under sections 1279 and 1280 of the Code of Civil Procedure.

*Thomas Allison,* for the plaintiff.

*O. E. Bright,* for the defendant.

VAN BRUNT, P. J. :

The question presented by this submission is whether the defendant must pay to the plaintiff a license fee of twenty-five dollars, or

a license fee of fifty dollars upon each of a large number of cars run by the defendant in the city of New York during the years 1881 to 1885, both inclusive.

The franchise under which defendant runs its cars was conferred by chapter 514 of the Laws of 1860, which provides that the railroad should be subject to the payment to the city of the same license fee annually for each car run thereon as was then paid by other city railroads in said city. In 1858 a city ordinance was passed which provided that:

" Each and every passenger railroad car running in the city of New York below One Hundred and Twenty-fifth street shall pay into the city treasury the sum of fifty dollars annually, for a license, a certificate of such payment to be procured from the mayor, except the small one-horse passenger cars, which shall each pay the sum of twenty-five dollars annually, for said license, as aforesaid."

After said ordinance was passed, and from then until April 17, 1860, and for many years thereafter, the city railroads in said city ran two classes of cars, to wit: A class of cars drawn by two horses, and which were in length about sixteen feet, and both the front and rear platforms were used by passengers; and another class of cars usually drawn by one horse, in length about twelve feet and one foot narrower between the benches, and which had their front platforms closed and never used by passengers.

These latter cars were commonly known and spoken of as small one-horse passenger cars. From January, 1859, until some years after April 17, 1860, and down to the date of this submission, the city railroads in said city, other than the road referred to in said act, of 1860, and thereby authorized to be run, have paid annually license fees into the city treasury on each of the large two-horse cars, such as above described, run by them, the sum of fifty dollars each, and on each of the smaller passenger cars, such as above described, whether drawn by one or two horses, the sum of twenty-five dollars. Subsequent to April 17, 1860, and until the year 1881, all the cars run upon the defendant's road were of the dimensions and capacity of the smaller passenger cars above described, and were, as a rule, drawn by one horse, and the railway company never paid for any of such cars any greater license fee than twenty-five dollars a year. In the year 1881, this defendant, being then the lessee of said

railroad and engaged in operating the same or a portion of the same, commenced to have said smaller cars run by it, which had theretofore, as a rule, been drawn by one horse, drawn habitually by two horses, and all of the cars above mentioned were of the dimensions and capacity of the smaller passengers cars above described, and were, in fact, the same cars which had theretofore been run and drawn, as a rule, by one horse only. The plaintiff claims that these cars were subject to an annual license fee of fifty dollars when drawn by two horses, and the defendant claims that said cars were subject to a license fee of only twenty-five dollars when drawn by two horses; and the question submitted is whether the defendant is liable to pay the higher license fee.

We think that, clearly, no such obligation rests upon the defendant. The license fee in the resolution above referred to seems to be predicated upon the size of the cars run. It provides that each and every of such railroad cars running in the city of New York below One Hundred and Twenty-fifth street shall pay into the city treasury fifty dollars annually for a license, except the small one-horse passenger cars, which shall each pay the sum of twenty-five dollars annually for said license. Therefore, a car which was known at the time of the passage of this ordinance as a one-horse passenger car was subject to the payment of a license fee of twenty-five dollars only, even though it might be drawn by more than one horse.

It appears from the case that there was a style of car commonly known and spoken of as small one-horse passenger cars, and it is the cars which are taxed, and not the motive power. It is immaterial, in the consideration of the ordinance, as to how the cars are moved, provided they are of the character commonly known as small one-horse passenger cars. These are the cars which were intended to be excepted, naturally because of their less capacity to carry passengers, and, consequently, less ability to pay the larger license.

Judgment should, therefore, be rendered for the plaintiff for $5,175, and interest on $1,075 thereof from June 1, 1881; on $1,000 from January 1, 1882; on $1,000 from January 1, 1883; on $1,000 from January 1, 1884, and on $1,100 thereof from January 1, 1885.

Barrett and Daniels, JJ., concurred.

So ordered.